WIGGINTON, Judge.
Appellant appeals a final order of the Department of Transportation (Department) finding appellant delinquent in its completion of a construction contract and, pursuant to section 337.16(1), suspending its certificate of qualification to bid on Department projects for four days. We reverse.
In order to establish an absolute defense to the Department’s delinquency charge when the project was not completed timely, appellant had the burden, pursuant to rule 14-23.001(3)(c)2, Florida Administrative Code, to show that it had expended its best efforts in a “diligent attempt to complete the job on time or in an expeditious manner, and was delayed through no fault on [its] part.” In his recommended order, the hearing officer found that the contract was completed on the 235th day and that various extensions resulted in the contract time being 231 days. However, from a reading of finding 23, finding 41, his recommendation, and his order on remand, it is clear that the hearing officer found that an additional and unquantifiable delay time (caused by appellant’s loss of “orderly sequence” in its performance of the job due to delays which were not attributable to appellant) was sufficient to extend the contract time to at least 235 days for reasons which were not the fault of appellant. Thereupon, he recommended a finding of no delinquency.
Contrary to the Department’s argument on appeal, finding 23 did not factor in credit for that “orderly sequence” delay time. The Department accepted the hearing officer’s findings of fact but rejected his recommendation based largely on the hearing officer’s determination that a 5-day penalty imposed upon appellant prior to the initiation of the contract period due to appellant’s delay in returning the executed contract had not been shown not to be appellant’s fault. However, since the evidence supports and the Department accepted the hearing officer’s findings that sufficient delays which were not the fault of appellant extended the contract time to at least 235 days and since the contract was completed on the 235th day, the contract was timely completed and no finding of delinquency is merited. Therefore, there was no basis upon which to suspend appellant’s certificate of qualification. In doing so, the Department improperly substituted its own judgment for that of the hearing officer contrary to section 120.57(1)(b)(10), Florida Statutes (1987). See Florida Department of Professional Regulation v. Baggett, 535 So.2d 319 (Fla. 1st DCA 1988).
REVERSED and REMANDED for entry of an order accepting the hearing officer’s recommendation.
JOANOS and NIMMONS, JJ., concur.